**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COLLINS ENGINEERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-01203 |
| | ) | |
| v. | ) | Hon. Franklin U. Valderrama |
| | ) | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**TRAVELERS' MOTION FOR LEAVE TO FILE
A SUR-REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant/Counter-Plaintiff Travelers Property Casualty Company of America ("Travelers"), through its undersigned counsel, submits its Motion for Leave to File a Sur-Reply in Opposition to Plaintiff, Collins Engineers, Inc.'s ("Collins") Second Motion for Partial Summary Judgment [106]. In support of its motion, Travelers states as follows:

1. On June 30, 2021, Collins filed its second Motion for Partial Summary Judgment against Travelers [106] ("Collins Second MSJ"), an accompanying memorandum in support [107], a Rule 56.1(a)(2) statement of material facts [108] and a Declaration of Daniel G. Cecchi ("First Cecchi Declaration") [109], including 15 exhibits.

2. On August 2, 2021, Travelers filed its Memorandum in Opposition to Collins Second MSJ [120], its response to Collins statement of uncontested facts [121], Travelers' statement of additional material facts not in dispute [124], Declaration of Roderick T. Dunne Pursuant to Rule FRCP 56(d) [124] and Motion to Strike the First Cecchi Declaration [122].

3. On August 10, 2021, the Court ordered that Collins file its response to Travelers Motion to Strike the First Cecchi Declaration and related exhibits [125].

4. On August 16, 2021, Collins made a total of six separate filings consisting of:

    a. Reply memorandum [126];

    b. (New) Declaration of Daniel G. Cecchi, including seven previously unsubmitted exhibits [127] ("Second Cecchi Declaration");

    c. (New) Declaration of Ryan C. Tuley, including five previously unsubmitted exhibits [128] ("Tuley Declaration");

    d. Response to Travelers' Rule 56 Statement [129];

    e. Response to Travelers' Motion to Strike First Cecchi Declaration [130]; and

    f. Motion to Strike Declaration of Lee D. Stephenson [131].

5. Significantly, Collins submitted two new declarations with its reply brief, the Second Cecchi Declaration and the Tuley Declaration, including a total of 14 exhibits it wants the Court to consider even though they were not included in its previous filings and to which Travelers is unable to respond without the opportunity to file a sur-reply.

6. It is established law in the Seventh Circuit that where a litigant raises new issues in a reply brief, it deprives the responding party of the opportunity to respond, and a sur-reply is proper. *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond") (internal citation omitted); *See also Dr. Robert L. Meinders, D.C., Ltd v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015) (reversing district court's refusal to allow a sur-reply because "[d]ue process...requires that a plaintiff be given an opportunity to respond to an argument or evidence raised as a basis to dismiss his or her claims.").

7. Collins' Response to Travelers' Rule 56 Statement of Additional Facts [129] also improperly includes extensive legal arguments, including citations and discussion of legal

2

authority. Local Rule 56.1(e)(2) explicitly provides that a response to a statement of undisputed facts may not set forth any new facts, meaning facts that are not responsive to the asserted fact to which the response is made. A response may not assert legal arguments except to make an objection, including objections based on admissibility, materiality, or absence of evidentiary support. *Id.*

8. A response to a statement of facts is designed to present the court with the issues that are actually disputed. *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 528 (7th Cir. 2000). If the respondent mixes in admissions or denials with legal arguments, those admissions or denials are still improper and may be stricken. *Id*. Failure to comply with the applicable rules means that the responses may be stricken and deemed admitted. *Essex Ins. Co. v. RHO Chem. Co.*, 145 F. Supp. 3d 780, 784 (N.D. Ill. 2015).

9. In an apparent attempt to circumvent the court's rules, Collins' reply brief contains multiple single spaced legal arguments that result in the brief [126, pp. 10-11] exceeding the 15 page limit specified in LR 7.1. Briefs that exceed the page limitation are subject to being stricken by the court. *See Native Am. Arts, Inc. v. Peter Stone Co.*, 2015 U.S. Dist. LEXIS 4626, 2015 WL 228209, at *2 (N.D. Ill. Jan. 14, 2015) (striking a defendant's "supplemental" summary judgment brief as an attempt to skirt the court's page limit rules).

10. Moreover, Travelers' Response Memorandum in Opposition to Collins' Second Motion for Summary Judgment [120] did not (indeed could not) address Collins' argument in Section I of its Memorandum [126] that the November 2019 GEI Counterclaim (not part of the record) triggered a duty to defend since there was no evidence of same properly before the Court. Rather, Travelers expressly reserved its rights to respond at a later time if (a) the Court did not grant Travelers' Motion to Strike the First Cecchi Declaration [122] and (b) the Court declined

the request set forth in the Declaration of Roderick T. Dunne pursuant to Federal Rule of Civil Procedure 56(d). [123] These motions are pending.

11. Critically, Collins' did not previously offer into evidence any GEI Second Amended Counterclaim signed by an attorney OR containing any exhibits to that pleading prior to the time allowed for Travelers' to file its Memorandum in Opposition [120] to Collins' Second MSJ. This is the lynchpin of its summary judgment argument, which should be deemed forfeited. Even if the argument were not forfeited, Travelers is entitled to an opportunity to respond.

12. The order of August 18, 2021 [132] provides only that Travelers respond to Collins' Motion to Strike the Declaration of Lee D. Stephenson [124-1], but does not provide guidance to Travelers concerning whether the Court will take up the motions to strike first, allow the relief requested by Travelers under Rule 56(d) or whether the Court intends to resolve all pending motions together, including the Collins Second MSJ.

13. There is no mechanism for Travelers to file a substantive response to the multitude of issues and purported evidence raised for the first time in Collins' six separate filings on August 16, 2021, other than by the relief requested herein.

14. In conformance with Rule 56, as well as principles of equity and due process, Travelers should be entitled to address on the merits all of the arguments raised in Collins' multiple separate filings in connection with its Second MSJ, including the new evidentiary materials, many of which are procedurally and substantively improper.

15. Travelers does not waive, and continues to assert, the alternative arguments raised in its Motion to Strike the First Cecchi Declaration and the Declaration of Roderick T. Dunne pursuant to Federal Rule of Civil Procedure 56(d).

## **CONCLUSION**

For all of the above reasons, Defendant/Counter-Plaintiff Travelers Property Casualty Company of America respectfully requests that the court grant it leave to file a Sur-Reply in Opposition to Collins (Second) Motion for Partial Summary Judgment within 21 days.

Dated: September 1, 2021

          Respectfully submitted,

          TRAVELERS PROPERTY CASUALTY
          COMPANY OF AMERICA

          By: */s/Roderick T. Dunne*
              One of Its Attorneys

Roderick T. Dunne
Howard J. Fishman
Devin M. Lindsay
**KARBAL, COHEN, ECONOMOU,**
  **SILK & DUNNE, LLC**
150 S. Wacker Drive, Suite 1700
Chicago, IL 60606
Tel:   (312) 431-3700
Fax:  (312) 431-3670
rdunne@karballaw.com
hfishman@karballaw.com
dlindsay@karballaw.com

## **CERTIFICATE OF SERVICE**

I, Roderick T. Dunne, an attorney of record in this matter, hereby state that I electronically filed the foregoing TRAVELERS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, using the CM/ECF SYSTEM, which will send notification to all attorneys of record on this the 1st day of September, 2021.

      /s/Roderick T. Dunne
      One of the Attorneys for Defendant,
      *Travelers Property Casualty Company of America*